**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21177

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| Eric R. Ford, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Client Services, Inc., | |
| Defendant. | |

Plaintiff Eric R. Ford, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Client Services, Inc. as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Client Services, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Eric R. Ford ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Client Services, Inc. ("Defendant") is a company existing under the laws of the State of Missouri, with its principal place of business in Saint Charles, Missouri.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall

mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

16. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. The alleged Debt does not arise from any business enterprise of Plaintiff.

18. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

20. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

21. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

22. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

23. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

24. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

25. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

26. That letter, dated July 20, 2020, was received, and read by Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

27.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**

29.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

30.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

31.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

32.     To comply with 15 U.S.C. § 1692g(a)(1), the written notice must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

33.     To comply with 15 U.S.C. § 1692g(a)(1), the written notice must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

34.     The failure to clearly covey the amount of the debt in the eyes of the least sophisticated consumer makes an otherwise accurate notice a violation of the FDCPA.

35.     The failure to covey the amount of the debt, without ambiguity in the eyes of the least sophisticated consumer, makes an otherwise accurate notice a violation of the FDCPA.

36.     The Letter states, "Balance Due At Charge-Off: $325.63."

37.     The Letter then states, "Interest Since Charge-Off: $44.09."

38.     The Letter additionally states, "Other Charges Since Charge-Off: $130.00."

39. The Letter under the above-mentioned denominations states, "Balance Due: $325.63."

40. The Letter in one denomination states the Balance Due At Charge-Off to be $325.63.

41. The Letter then shows additional interest and charges to have accrued post the charge off.

42. The Letter then states Balance Due to be $325.63.

43. The Letter fails to clarify what is the accurate amount owed of the alleged debt.

44. The Letter can be reasonably read to signify that the amount owed is $325.63 plus the additional interest and charges.

45. The Letter can additionally be read to convey that the amount owed on the alleged due is $325.63.

46. For the reasons set forth, the Letter failed to covey the amount of the debt clearly from the perspective of the least sophisticated consumer.

47. For the reasons set forth, the Letter failed to covey the amount of the debt accurately from the perspective of the least sophisticated consumer.

48. For the reasons set forth, the Letter failed to convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

49. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from Defendant that would allow Plaintiff to identify the amount of the alleged Debt and confirm that the alleged Debt was actually owed. Defendant deprived Plaintiff of these rights.

50. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

54. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

56. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

57. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

58. The Letter states, "Balance Due At Charge-Off: $325.63."

59. The Letter then states, "Interest Since Charge-Off: $44.09."

60. The Letter additionally states, "Other Charges Since Charge-Off: $130.00."

61. The Letter under the above-mentioned denominations states, "Balance Due: $325.63."

6

62. The Letter in one denomination states the Balance Due At Charge-Off to be $325.63.

63. The Letter then shows additional interest and charges to have accrued post the charge off.

64. The Letter then states Balance Due to be $325.63.

65. The Letter fails to clarify what is the accurate amount owed of the alleged debt.

66. The Letter can be reasonably read to signify that the amount owed is $325.63 plus the additional interest and charges.

67. The Letter can additionally be read to convey that the amount owed on the alleged due is $325.63.

68. Because one of these interpretations must be inaccurate, the Letter violates 15 U.S.C. § 1692e.

69. These multiple interpretations, while all reasonable, would hamper the least sophisticated consumer's ability to respond to the collection letter.

70. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

71. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692f

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

74. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

75. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

76. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

77. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

78. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

79. The Letter sets forth that other charges of $130.00 accrued on the alleged Debt after charge-off.

80. There is no legal basis to add other charges to the alleged Debt after charge-off.

81. Such post charge-off other charges accrued on the account are neither expressly authorized by the agreement creating the debt, nor permitted by law.

82. The Letter falsely implies that there was a legal basis to add other charges to the alleged Debt after charge-off.

83. The Letter sets forth that interest of $44.09 accrued on the alleged Debt after charge-off.

84. There is no legal basis to add interest to the alleged Debt after charge-off.

85. Such post charge-off interest charges or fees are neither expressly authorized by the agreement creating the debt, nor permitted by law.

86. The Letter falsely implies that there was a legal basis to add interest to the alleged Debt after charge-off.

87. Defendant's conduct, as described, violates §§ 1692e and § 1692f.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692c(b) and 1692f

88. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

89. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

90. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

91. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

92. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

93. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

94. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

95. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

96. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

9

97. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

98. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

99. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

100. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

101. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

102. Defendant violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

103. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

104. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

105. Plaintiff seeks to certify two classes of:

> i. All consumers where Defendant sent a collection letter where it failed to clearly convey the amount of the alleged debt, which disclosure was made on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date

one year prior to the filing of this action to the present.

106.   This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

107.   The Class consists of more than thirty-five persons.

108.   Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

109.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

110.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

111.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: May 7, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21177
*Attorneys for Plaintiff*